UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **CRAIG GLASS,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0369 AS |
| | ) | |
| **WILLIAM WILSON,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about June 14, 2006, *pro se* petitioner, Craig Glass, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 12, 2007, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. He was the subject of a Disciplinary Hearing Board (DHB) proceeding entitled cause number WCC 06-03-0241, and the proceedings there occurred in or around March 2006. The principal issue was one of escape or, more accurately, attempted escape. The sanction imposed included the loss of telephone privileges for 120 days and 90 days of disciplinary segregation neither of which implicate a liberty interest under *Sandin v. Conner*,

515 U.S. 472 (1995). The other sanction was an earned credit deprivation of 375 days which does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

      The Attorney General argues under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992) for procedural default for failure to bring some issues up appropriately in the state administrative review process. It appears that the Attorney General is correct in that regard. *See also Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). The Attorney General is also correct that under *Wolff* and its progeny, there is no right for a prisoner in these proceedings to confront or cross-examine witnesses. The full panoply of rights under the Sixth Amendment of the Constitution of the United States simply do not prevail here. *See Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002). This court does not conceive that this petitioner was deprived of some right that is implicit or for that matter explicit in *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993). In a general way, this court does not conceive that this petitioner was deprived of rights to which he might have been entitled under the Fourteenth Amendment of the Constitution of the United States. However, it also needs to be said that this court does not rely on harmless error for the result here.

When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  March 20, 2007

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
